UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NOVASTAR MORTGAGE, INC.,** | : | Case No. 1:08CV947 |
| | : | |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| **MATTHEW P. GAECKLE,** *et al.*, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| | : | |
| **Defendants.** | : | |

This case is before the Court on two filings: (1) *Motion to Remand* (Doc. 7), filed by Plaintiff The Bank of New York, as Successor Trustee under NovaStar Mortgage Funding Trust 2005-4 ("Plaintiff"); and (2) *Defendants' Motion for a More Definite Statement* (Doc. 6), filed by Defendants Matthew P. Gaeckle and Donna R. Gaeckle (collectively, the "Gaeckles"). For the reasons articulated briefly below, Plaintiff's *Motion to Remand* is **GRANTED**, and, accordingly, the *Defendants' Motion for a More Definite Statement* is rendered **MOOT**.

**I.    BACKGROUND**

The Gaeckles removed this case to this Court from the Medina County Court of Common Pleas (Doc. 1). The sole stated basis for the removal was diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. The Gaeckles stated that (1) complete diversity exists between and among the parties, because they are residents of Ohio, and Plaintiff is a foreign corporation incorporated under the laws of Virginia and has its principal place of business in Missouri; and (2) Plaintiff seeks damages, fees, and other relief that exceeds $75,000.

After removing, the Gaeckles then filed a motion for a more definite statement (Doc. 6). In this motion, the Gaeckles generally argue that Plaintiff's pleadings are insufficient under the Local Rules for the Northern District of Ohio, the Federal Rules of Civil Procedure, and recent Orders issued by this Court.

Subsequently, Plaintiff filed a motion to remand (Doc. 7). Plaintiff argues that this case should be remanded, because a defendant cannot remove a case on the basis of diversity jurisdiction where he is a citizen of the forum state under 28 U.S.C. § 1441(b). Plaintiff also notes that its Complaint for foreclosure seeks exclusively state law remedies and that the Gaeckles cannot remove this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

To date, the Gaeckles have not responded to Plaintiff's motion to remand. Because the time to respond has expired[1] and the Gaeckles have not moved for any extension, it appears that the Gaeckles do not oppose remand of the case to the Medina County Court of Common Pleas.

## II.     DISCUSSION

As noted, the Gaeckles assert that removal is appropriate based solely on diversity jurisdiction. Diversity jurisdiction is governed by 28 U.S.C. § 1332, which states in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . .

---

[1] Without deciding whether a motion to remand should be construed as a *dispositive* motion rather than a *non-dispositive* motion under Local Rule 7.1(d), the Court still allowed the Gaeckles thirty (30) days after service of Plaintiff's motion, plus the additional three (3) days pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, to file a memorandum in opposition.

28 U.S.C. § 1332(a)(1). Removal from state to federal court may be premised on diversity jurisdiction, but there is one important exception relevant here. *See* 28 U.S.C. § 1441(b). Diversity actions are only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*; *Fed. Nat'l Mortgage Ass'n v. Le Crone*, 868 F.2d 190, 194 (6th Cir. 1989) ("[R]emoval of a diversity case is available only if the defendant is not a citizen of the state in which the action is brought."). In their notice of removal from the Ohio state court, the Gaeckles, as the removing defendants, explicitly stated that they were citizens of Ohio. (Doc. 1 at ¶ 4.) Accordingly, under 28 U.S.C. § 1441(b), the Gaeckles cannot remove this case based on diversity jurisdiction, and the case should be remanded to Ohio state court.[2]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 7) is GRANTED. This action is hereby REMANDED to the Medina County Court of Common Pleas, where it was originally filed. Consequently, the Gaeckles' Motion for a More Definite Statement (Doc. 6) is rendered MOOT.

**IS SO ORDERED.**

                                                    s/Kathleen M. O'Malley
                                                    **KATHLEEN McDONALD O'MALLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**Dated: August 4, 2008**

---

[2] The Court further notes that, even though the Gaeckles do not assert removal based on federal question jurisdiction in their Notice of Removal (Doc. 1), Plaintiff's Complaint for foreclosure seeks exclusively state law remedies and does not implicate federal question jurisdiction, thereby precluding removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.